In the United States District Court for the District of Columbia

Emily Claire Hari,
       Plaintiff,

v.                                           No. 25-cv-4322-RCL

FBOP et al.,                                 Plaintiff's Third Motion for
       Defendants.                           A Preliminary Injunction

RECEIVED MAILROOM MAR 27 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

### Plaintiff's Third Motion for a Preliminary Injunction

Plaintiff Emily Claire Hari moves the Court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction restoring the status quo ante litem in this controversy as regards Ms. Hari's classification by sex, specifically, Ms. Hari reqests the Court to order the Defendants to classifyyMs. Hari as a female inmate consistent with her legal female sex. Ms. Hari moves the Court for this relief on three grounds: 1) that Ms. Hari is not safe in male housing and has a documented history of sexually abusive conduct and violence directed toward her in male housing based upon her transgender status and continuing to house her in male housing violates the 8th Amendment; 2) That denying Ms. Hari the benefit of her legal female sex while classifying all cis-gender inmates according to their legal female sex violates Ms. Hari's 5th Amendment equal protection rights; and 3) the explicit prohibition on transgender women in women's housing with no corresponding prohibition in policy for transgender men in men's housing discriminates against Ms. Hari on the basis of her sex and violates her 5th Amendment equal protection rights.  This is the third motion for a preliminary injunction. The other two relate to Ms. Hari's medical care.  The issues are separated to permit focused and consise briefing on the issues.

1/4

This Motion is supported by a Memorandum, Declarations, and Exhibits (attached) and also references the Verified Complaint in support.

Ms. Hari is a transgender woman who spent 19 months in the federal government's custody under the USMS in female housing. While Ms. Hari was single celled, she participated in all programming and other jail activities with female inmates. Four of the female inmates Ms. Hari did time with provide Declarations stating Ms. Hari adjusted well to female housing and got along well there. When the government transferred Ms. Hari from the female pre-trial facility to the FBOP, they changed her housing designation to a male facility. As a consequence, Ms. Hari has experienced over three years of regular sexually abusive conduct. In 2022, prior to her transfer to the male facility, Ms. Hari filed suit seeking injunctive relief in the Central District of Illinois. After over three years of delays resulting from docket congestion and 1915A review, Ms. Hari's complaint was dismissed after Defendants complained venue and jurisdiction were properly in the District of Columbia. In November of 2025, Ms. Hari filed the present complaint in this District.

Under the current FBOP policy, Ms. Hari will never be transferred back to female housing, and will endure these conditions for the remainder of her decades-long sentence in violation of her 5th and 8th Amendment rights. No amount of money could make Ms. Hari whole for these injuries. Only injuctive relief will end her sexual victimization in male housing.

As a result of years of hormone therapy, Ms. Hari has developed female secondary sex characteristics, and in the Memorandum Ms. Hari will cite FBOP physicians statements that she is "extremely feminine acting and appearing." Further, Ms. Hari is small in stature and suffers from spondylosis, an age related degenerative disease of the spine, that limits her ability to defend herself. While FBOP has had over 3 years to find Ms. Hari a safe placement in male housing, they have failed to do so, and SHU placement has been one of the worst placements in terms of Ms. Hari's safety due to the fact that SHU inmates are locked behind a door with infrequent staff supervision all day and night, with no opportunity to inform staff of problems outside the presence of their cellmate.

In the Memorandum, Ms. Hari will detail the three years of sexual harassment, sexual abuse, and assault she has suffered in male housing. Some of this was the result of staff instigation or committed by staff members. Since the Trump Executive Order (14168) staff have been emboldened to engage in abusive anti-transgender conduct by the President's statements and policies, and have cited the Order while engaing in abusive conduct.

Housing in female housing means that the accommodations which Ms. Hari's physicians have listed as medical necessity such as clothing and other social accommodations, terms of address, and so forth are subject to approval, usually grudging and slow, but in female housing these are just afforded to all inmates without approval or application. Female housing also reduces MS. Hari's dysphoria by affirming her gender identity and legal sex.

3/4

The relief requested in this motion is narrowly written to comply with the provisions of PLRA, and goes no farther than is required to remedy the injuries. Awarding the requested relief would not prejudice the Defendants because they are already required to provide Ms. Hari with safe housing in a non-discriminatory manner under the U.S. Constitution. This injunction would not add any burden the Defendants are not already compelled to observe by the Constitution since Ms. Hari is not safe in any male housing and there is no non-discriminatory way in which the Defendants' policy can be applied to the Plaintiff. The balance of harms clearly favors injunctive relief for the Plaintiff, and she has demonstrated an irreparable harm in the form of the violation of her 5th Amendment equal protection rights, her 8th Amendment rights, and the sexually abusive behavior she has suffered from during her time in male housing. The public interest favors an injunction to require the FBOP to observe constitutional protections and to prevent constitutional violations.

For the foregoing reasons, as well as the reasons set forth in the Memorandum, the Plaintiff requests the Court enter a preliminary injunction requiring the Defendants to classify the Plaintiff as a female inmate consistent with her legal female sex as established by her government issued identification documents.

Respectfully Submitted,

*Emily Hari*

Emily Hari

Date 3/16/2026

4/4

CERTIFICATE OF SERVICE

I, ___Emily Claire Hari___ hereby certify that a copy of the foregoing **Plaintiff's Third Motion for a Preliminary Injunction** was sent to the addresses setforth below with first class pre-paid postage and placed in FCI Sheridan's inmate mailbox on this day of **March 16**, 20**26**.

U.S. Attorney
District of Columbia
555 Fourth St. N.W.
Washington D.C. 20530

Pam Bondi
Attorney General
950 Pennsylvania Ave. NW
Washington D.C. 20530

William K. Marshall III
Director FBOP
320 First St. NW
Washington DC 20534

Jenna Epplin
FBOP Central Office
320 First St. NW
Washington DC 20534

DECLARATION

I declare that the foregoing motion and attached exhibits are true and correct to the best of my knowledge and are made under penalty of perjury pursuant to 28 U.S.C. §1746 on this day of **March 16**, 20**26**.

/s/ Emly C H.

Emily Claire Hari, Reg. 22401-026
Sheridan Federal Correctional INSTITUTION
PO Box 5000
Sheridan OR 97378

PORTLAND OR RPDC 972

24 MAR 2026 PM 1

FOREVER / USA

U.S. District Court
District of Columbia
Clerk of Court
E. Barrett PRettyman U.S. Courthouse
333 Constitution Ave. NW
Washington DC. 20001-2866

SPECIAL MAIL

20001-289999